M. L. SLEDGE v. J. S. ELLIOTT et al.

*Action to Recover Land—Sale of Land for Assets— Order of Sale—Collateral Attack—Truth of Recitals in Decree and Deed—Signing not Necessary to Validity of Decree.*

1. Where, in 1865, license was granted to administrators to sell all the land of their intestate described in the petition to create assets for the payment of debts, under the provisions of Sec. 44, Ch. 46, *Revised Code*, and the terms of sale were set out in the order and at a subsequent Term of the Court, in a decree confirming the sale of certain of the lands made in pursuance of the original order, the administrators were granted "leave to dispose of" another tract which had been decribed in the petition and covered by the original order of sale ; *Held*, that the last order related back to the original order for the terms of sale. and a sale made thereunder was valid.

2. Such subsequent order which authorized the sale, 'if, in the settlement of the estate, it should be found necessary,' is not void as being a conditional judgment or as attempting to confer judicial powers upon the administrators.

3. The Statute authorizing the sale of the lands of a decedent is in derogation of the common law and hence the Courts will not deny to an administrator the discretion of selling less land than is ordered to be sold if necessity should not arise for such sale ; and, conversely, the administrator will be allowed to continue to sell lands embraced in the license so long as the necessity to raise assets exists.

4. Where a decree of Court rendered in 1865, ordering the sale of land, recited that service had been made on all the parties to the action, some of whom were minors, the recitals will be presumed true in a collateral attack ; and where it appears, in addition, that the guardian *ad litem* of the minors was Clerk of the Court and that the rights of third parties have intervened, the sale under such decree would not be disturbed, even in a direct proceeding, unless it should clearly appear that the infants had been injured or defrauded.

5. After the lapse of thirty years the recital in a deed that the sale under which it was made was authorized by a decree of Court entered in a cause of which the records of the petition and order, but not of the decree of confirmation, are existent, will be presumed to be true.

6. It was not essential to the validity of a decree in a proceeding to sell land for assets, under the *Revised Code*, that it should be signed.

ACTION to recover possession of a lot in the town of Marion, heard before *Shuford, J.,* at Spring Term, 1894, of McDOWELL Superior Court. From a judgment for the plaintiff the defendants appealed. The facts appear in the opinion of Associate Justice AVERY.

*Messrs. Shepherd & Busbee, Battle & Mordecai* and *English & Morris,* for plaintiff.
*Mr. E. J. Justice,* for defendants (appellants).

AVERY, J.: The right of the plaintiff to recover in the action for title and possession of a lot was made to depend upon the question whether a record of an administrator's petition for sale for assets with the decree and sale under which the plaintiffs claimed title were open to attack and were shown to be invalid and subject to collateral impeachment by the heirs-at-law of the decedent.

The petition was filed in the Court of Pleas and Quarter Sessions of McDowell County, at the Fall Term, 1864, in accordance with the provisions of Revised Code, Ch. 46, Sec. 47, *et seq* and not under the Act of 1868 ( Bat. Rev., Ch. 45, Sec. 61, *et seq* ). The form of the petition is verbatim in all material respects that laid down in Eaton's Forms, p. 529, and universally used by the profession at that time.

At the Spring Term, 1865, of the Court, there was an order for the sale of several other tracts of land and the terms of sale were prescribed therein. Under a proper con-

struction of this order entered at the ensuing Fall Term in connection with that referred to above, it is manifest that the lot in controversy was to be sold, if at all, upon the terms prescribed in the former order for the sale of the real estate generally. It would be sticking in the bark to hold otherwise, when in fact the terms adopted were precisely those prescribed as to the sale of the other property and no possible jeopardy to the rights of the defendants could have resulted therefrom.

The statute ( Revised Code, Ch. 46, Sec. 44 ) from which the Court derived its authority, permitted the granting of a " license " to sell the real estate, and accordingly the first order also declared that the administrators of Elliott should have " license "—not that they should be *required*— to sell certain other property. The subsequent order that they " should have leave to dispose of the town lot described in the petition, if in the settlement of the estate it should be found sufficient, was not in our opinion what is termed a conditional judgment or a judgment void as an attempt to vest in the administrators judicial power. The Court unquestionably granted leave to sell the town lot · just as it had given its sanction in advance to the sale of the other land for assets. If after obtaining the license, by reason of finding some personal assets, of which they previously had no knowledge, or because of some claim against the estate supposed to be just proving invalid, the approximate estimate of indebtedness had proved incorrect, it will not be contended that the administrators would not have been authorized to desist in their discretion from selling before disposing of even all the tracts described in the first order of the Court. They were empowered, not compelled to sell, and the proviso in the second order gave them no new authority, but was merely in · affirmance not only of what was their discretionary power, but of their duty as

ministerial officers of the Court, acting for the best interest of the heirs as well as the creditors. The statute authorizing the sale of land for assets is in derogation of common law, and the Courts would not be inclined to deny to the administrators the right to desist from selling when they had manifestly attained the object for which the law had clothed them with power to sell. The converse of that proposition that they could continue to sell such lands as were embraced by the license, as long as the necessity apparently existed for raising additional assets, must be likewise founded upon reason and principle. *Adams* v. *Howard*, 110 N. C., 15. If so, why should the validity of an order be questioned when it was merely in affirmance of a right which they already had? We think therefore that the sale of the lot in controversy was authorized by the Court.

There were four terms of the Court held every year, though jury trials may have been had at only two of them. The order granting the license under which the lot was sold was not made till the Spring term, 1865, the second term after the filing of the petition at the Fall term, 1864, and it recites that subpœnas had been served upon all of the parties in accordance with the equity practice, either actually or by publication. Shall a purchaser, who buys under such a decree, be subjected to the hazard of losing, after thirty years, a tract of land for which he has paid, because either by accident or design a summons or an order has been lost out of the record? In *Hare* v. *Holloman*, 94 N. C., 14, this Court held that both under the earlier practice of bringing in the heirs-at-law by *scire-facias* and that prevalent before *The Code* was adopted, of filing a petition in the county Courts in order to subject real estate for assets, the proof of service of notice or subpœna upon infant heirs was not essential to the validity of a decree of sale,

and that such decrees could not be impeached for want of such service unless it appeared that no real defence was made for them and that they had suffered thereby. It appears from the record that A. M. Finley, clerk of the Court, was appointed guardian *ad litem* for the infants. In *Sumner* v. *Sessoms*, 94 N. C., 371, SMITH, C. J., for the Court, said : "A guardian *ad litem* was appointed for the infant defendant, whose acceptance and presence in Court must be assumed in the absence of any indication in the record to the contrary from the fact that the Court took jurisdiction of the cause and rendered judgment. It is true that the record produced does not show that notice was served on the infant or her guardian, nor does the contrary appear in the record, which, so far as we have it, is silent on the point. The jurisdiction is presumed to have been acquired by the exercise of it, and, if not, the judgment must stand and cannot be treated as a nullity until so declared in some impeaching proceeding." The effect of the recitals in a decree, such as that in question, that service has been made upon all of the parties, is the same, whether the proceeding was one under the provisions of *The Code* or the Revised Code. In either case, a title acquired under the decree cannot be invalidated by a collateral attack upon it ; and an additional reason for upholding the decree is that the clerk of the Court, who made out the record and was always present, was the guardian *ad litem*. *Fry* v. *Currie*, 91 N. C., 436 ; *Williamson* v. *Thurston*, 92 N. C., 234 ; *Spillman* v. *Williams*, 91 N. C., 483 ; *Williams* v. *Woodhouse*, 3 Dev., 257. In our case, the rights of third parties having intervened, the Courts would not set aside the judgment even in a direct proceeding unless it should clearly appear that the infant had been injured or defrauded. It is of the utmost importance that purchases in good faith and for value should be upheld and that the

confidence of the public in the stability of judicial decrees should be maintained.     *Syme* v. *Trice*, 96 N. C., 243. Purchasers at judicial sales are bound only to see that the Court had jurisdiction and that it ordered the sale. *Fowler* v. *Poor*, 93 N. C., 466.     The recital in the decree that service had been made was sufficient to protect him in this case, both as to the claims of adults and infants. After the expiration of thirty years, the recital in the deed, that the sale was made in pursuance of a decree of the Court entered in this cause, must be presumed to be true, notwithstanding the fact that the record is not full. *England* v. *Garner*, 90 N. C., 197.     In any aspect of the case the final decree was entered and the proceeding cannot be impeached for irregularity, *England* v. *Garner*, 84 N. C., 212, and in the face of the recitals in the decree and deed, the Court would only upon proof that the infants had been wronged or defrauded, allow the decree and sale to be disturbed, even in an action brought to vacate it.     After it has remained unimpeached for nearly 30 years, the burden of overcoming a presumption of fairness and regularity in the original record rests upon any one who seeks to disturb a title founded on it.

In the exercise of the discretionary power of this Court we deem it best to refuse the motion based upon newly discovered testimony.     *Brown* v. *Mitchell*, 102 N. C., 347.

It is needless to cite authority to sustain the proposition that the decree was sufficient in form and that it was not essential to its validity that it should have been signed.

For the reasons given we hold that the judgment must be affirmed.

Affirmed.