N. A. FRIER, Admr., Plaintiff in Error, *vs.* LAURA LOWE *et al.* Defendants in Error.

*Opinion filed February 20, 1908.*

1. EXECUTORS AND ADMINISTRATORS—*what is not a fatal objection to petition for sale of land to pay debts.* That an administrator *de bonis non* was appointed upon the death of the executor instead of an administrator *de bonis non* with the will annexed is not a fatal objection to his petition to sell land, which had been occupied by the widow and heirs as a homestead during the executor's lifetime, where nothing remains to be done to execute the will.

2. LACHES—*delay in seeking sale of land while widow's homestead continues is justifiable.* Delay by creditors in seeking the sale of land during the time the same is occupied by the widow as a homestead is justifiable, whether her right be regarded as a mere exemption or as an estate in land.

3. SAME—*when a delay of four years after the termination of widow's homestead does not bar petition to sell land.* Where premises occupied as a homestead by the widow and heirs after the testator's death are sold to a third person during the lifetime of the widow, who died a week later, a delay of four years from her death in filing a petition to sell the land to pay claims which had been allowed years before against the testator's estate does not bar the petition, where the purchaser from the widow in nowise changed his position to his prejudice by reason of the delay.

4. PLEADING—*what is not a fatal variance.* That a petition to sell land to pay debts states the date of the allowance of the claims to be 1871, whereas the list of claims certified to by the clerk of the county court and made a part of the petition shows that a large portion of them were allowed in 1877, is not a fatal variance, where it does not appear the claims were not filed within the time required by the statute and kept alive, so that the Statute of Limitations did not run against them.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on writ of error to the County Court of Gallatin county; the Hon. MARSH WISEHEART, Judge, presiding.

Plaintiff in error filed his petition in the county court of Gallatin county praying an order for the sale of real estate for the payment of debts of Charles Kopf, deceased.

It appears from the averments of the petition that Charles
Kopf died testate March 22, 1871, and John D. Richeson,
who was appointed executor by the will, duly qualified as
such March 25, 1871. The liabilities of said estate on ac-
count of claims probated and allowed, including the wid-
ow's award and the costs and expenses of administration,
amounted to more than $7000. After applying the personal
estate which came into his hands to the payment of these
liabilities there remained unpaid on claims probated and
allowed a large sum, and the executor, in 1873, filed a pe-
tition for the sale of real estate to pay said claims. Charles
Kopf, with his wife, Margaret, and their three minor chil-
dren, resided on part of in-lot 863, in the city of Shaw-
neetown, which is particularly described in the petition by
metes and bounds, as their home, and the widow and minor
children continued to live there after the death of Charles
Kopf. In the proceeding by the executor, in 1873, for the
sale of real estate to pay debts, the county court appointed
commissioners to assign homestead to the widow and chil-
dren, and the commissioners assigned as such homestead
said part of in-lot 863. An order was entered for the sale
of the other real estate of Charles Kopf, deceased, and after
applying the proceeds thereof to the payment of claims al-
lowed there remained a deficit or balance of unpaid claims
of about $4000. Subsequent to this time, and before the
appointment of plaintiff in error as administrator *de bonis
non,* the executor died. February 9, 1898, Charles J. Kopf
and Laura Kopf, (the latter then married to a man named
Lowe,) two of the children of Charles Kopf, deceased, con-
veyed to their brother, Walter Kopf, the other child of the
said deceased, their interest in said part of in-lot 863, and
on October 19, 1898, Walter Kopf and his mother, the
widow, conveyed said premises by warranty deed to Her-
man Wiederhold. The widow resided on said premises as
her homestead up to the time she conveyed to Wiederhold.
She died October 25, 1898. On the 27th of August, 1900,

plaintiff in error was, upon the petition of a creditor of Charles Kopf, deceased, appointed administrator *de bonis non* of his estate, and in October, 1902, filed the petition in this case for an order to sell said part of in-lot 863 for the payment of the debts of said Charles Kopf, deceased. Defendants to said petition demurred thereto and the court sustained the demurrer and dismissed the petition. The case was taken to the Appellate Court for the Fourth District by the administrator upon a writ of error sued out of that court, and the Appellate Court affirmed the judgment of the county court. The case is brought here by writ of error sued out of this court to the Appellate Court.

JESSE E. BARTLEY, and W. R. McKERNON, for plaintiff in error.

D. M. KINSALL, and ROEDEL & ROEDEL, for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

It is first contended by defendants in error that the appointment of plaintiff in error as administrator *de bonis non,* instead of administrator *de bonis non* with the will annexed, was erroneous, and for that reason the demurrer was properly sustained. Section 37 of chapter 3 (Hurd's Stat. 1905, p. 111,) provides, that "when a sole or surviving executor or administrator dies without having fully administered the estate, if there is personal property not administered, or are debts due from the estate, or is anything remaining to be performed in the execution of the will, the county court shall grant letters of administration with the will annexed, or otherwise, as the case may require, to some suitable person, to administer the estate of the deceased not already administered." Nothing remained to be performed in the execution of the will of Charles Kopf when plaintiff in error

was appointed administrator *de bonis non.* All that then remained to be done, if anything, was to sell that part of the real estate left by said Charles Kopf for the payment of his unpaid debts, which, by reason of being possessed and occupied by the widow as her homestead, could not be sold for that purpose during the lifetime of the executor of the will. Said will first directed that the testator's debts be paid, and authorized the sale of his property for that purpose and for the support of his widow and the support and education of his children. If anything remained it was to go to the testator's three children, equally, according to the · laws of descent. The averments of the petition show that after exhausting all the property left by the testator, except the homestead, in the payment of debts, there still remained· a large amount of indebtedness unpaid, and if the homestead property could be sold after it ceased to be a homestead, for the payment of debts, it could not be done under the provisions of the will, but application was required to be made to the county court for authority to make such sale, and the proceeding was the same as if the deceased had died intestate. As there remained nothing to be done under and by virtue of the provisions of the will, we are of opinion the appointment of plaintiff in error as administrator *de bonis non* is not a fatal objection to the petition.

It is conceded by defendants in error that if the widow of Charles Kopf held and occupied the premises sought to be sold as a homestead, this would excuse the delay in making application for sale until after the homestead right was terminated; but it is contended, first, that the county court had no power, in the proceeding had in 1873, to assign homestead, and that the widow, under the law as it existed at the time of her husband's death, had no estate of homestead in the premises, but that her interest was merely an exemption right, under which the property was exempt from levy and forced sale; and second, that if the widow did have an estate of homestead in the premises, the admin-

232—40

istrator did not have seven years after the extinguishment of that estate within which to file the petition to sell the land for the payment of debts, and the unexplained delay of four years after the homestead estate was terminated before filing the petition will preclude him from maintaining the action.

With reference to the first proposition, it is sufficient to say that whatever the character of the homestead right of the widow of Charles Kopf was, it was exempt from forced sale for the payment of his debts. (*Hartwell* v. *Mc-Donald*, 69 Ill. 293.) And in *Bursen* v. *Goodspeed*, 60 Ill. 277, it was held that creditors were justified in delaying proceedings for the sale of property for the payment of debts in which the widow had a right of homestead and resided thereon until her death. We think it clear under many decisions of this court which might be cited, delay in seeking to sell the real estate which the widow occupied as her homestead until the termination of her homestead right, in 1898, was justifiable. Some of the cases to this effect will be found collected in *Graham* v. *Brock*, 212 Ill. 579, and *People* v. *Lanham*, 189 id. 326.

Upon the second proposition defendants in error contend that while, in the absence of any statute upon the subject, this court has adopted a limitation of seven years from the death of the owner within which the administrator must apply for the sale of real estate to pay debts where no excuse exists for a longer delay, it has never been held that the administrator has seven years in which to make the application after the excuse for delaying it has ceased to exist. It appears from the averments of the petition that the widow died in October, 1898, and in March, 1900, the plaintiff in error applied for and was granted letters as administrator *de bonis non,* and at the October term, 1902, of the county court filed his petition for the sale of the real estate. From these dates it will be seen that the application for letters was made one year and five months after the death of the

widow, and the application for the order to sell real estate
was made four years after said death occurred. We do not
think any inflexible rule can be adopted by a court fixing
the time within which the application shall be made after the
homestead encumbrance is extinguished. In speaking of
the time within which an administrator is required to file a
petition for the sale of real estate to pay debts, this court
said in *Graham* v. *Brock, supra,* (p. 581): "There is no
statutory limitation of the right to file such a petition, but
it must be done within a reasonable time, and seven years
has been adopted by this court as the proper time within
which application shall be made. The bar arises from *laches*
rather than legal limitation, and if sufficient excuse is given
for the delay the mere lapse of time will not bar the pro-
ceeding. The determination of the question must depend
largely upon the circumstances of each case." Whether the
petition should be entertained four years after the extin-
guishment of the encumbrance must, we think, depend upon
the circumstances of the case. We do not think it can be
said seven years must be allowed the administrator for fil-
ing the petition after the extinguishment of the homestead
right in all cases. The delay of a much shorter period of
time might in some instances result in such inequitable and
unjust consequences that the administrator and creditors
should be held barred by *laches* from selling the property to
pay debts. This case, however, we do not think comes with-
in that class. The petition avers that Wiederhold bought
the homestead property from the widow and heirs before
the death of the widow. At the time he purchased, the
property was liable to be proceeded against for its sale for
the payment of debts after the termination of the homestead
right, and he must be presumed to have purchased with
knowledge of that fact. If he had bought the property
from the heirs after the death of the widow, and after long
delay before making application for its sale to pay debts, a
different question might have arisen. Where a person neg-

lects for a considerable period of time to assert a right, and during the delay other circumstances and rights occur which would cause great prejudice and hardship, the party guilty of the neglect and delay may be precluded from enforcing the right on the ground of *laches.* (*Morse* v. *Seibold,* 147 Ill. 318.) But the application of the doctrine of *laches* from lapse of time must in a large measure depend upon the circumstances of the particular case. Here, however, Wiederhold was not induced by the delay of the administrator and creditors in applying for the sale of the real estate to make the purchase, for he bought before the time arrived at which they could make such application, and whatever the facts may be, it does not appear from the petition that he was induced by the delay of the administrator after the death of the widow to do anything or assume any position toward the property that he would not otherwise have done.

The petition avers that the claims which it is sought to satisfy by the sale of real estate were allowed by the county court in 1871, and the just and true account filed by the executor of the will, which is marked as an exhibit to and made a part of the petition, also shows the allowance of the claims in 1871.' A list of claims, with the dates of their allowance, certified to by the clerk of the county court, is also made an exhibit to and part of the petition. From this exhibit it appears the larger portion of the claims, both in number and amounts, was allowed in 1877. We do not consider this discrepancy fatal to the petition. While it is true it appears from the list of claims certified to by the county clerk that a number of them were allowed in 1877, it does not appear that they were not filed within the time required by statute and kept alive so that the Statute of Limitations did not run against them.

We are of opinion the county court erred in sustaining the demurrer to the petition and rendering judgment dismissing the same, and that the Appellate Court erred in af-

firming that judgment. The judgments of the Appellate and county courts are therefore reversed and the cause remanded to the county court, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*