## Chester M. Turner, Administrator, Appellee, v. Robert Fell et al., Appellants.

### Gen. No. 5,025.

1. ADMINISTRATION OF ESTATES—*what does not bar sale of homestead to pay debts.* A great lapse of time between the allowance of a claim and the application to sell does not of itself bar the right to have a homestead sold to pay such claim after allowance.

2. ADMINISTRATION OF ESTATES—*when filing of just and true account not essential to sale of real estate to pay debts.* If it has been shown by the administrator that the personal estate has been exhausted, a just and true account need not be filed.

3. ADMINISTRATION OF ESTATES—*when widow's award does not bear interest.* At least, until the widow has elected to take her award or the balance due thereon in cash, such award or such balance does not bear interest.

Petition for sale of real estate. Appeal from the Circuit Court of Stark county; the Hon. BRADFORD F. THOMPSON, Judge, presiding. Heard in this court at the April term, 1908. Affirmed. Opinion filed August 10, 1908.

VICTOR G. FULLER and JAMES H. RENNICK, for appellants.

CHESTER M. TURNER, for appellee; W. W. WRIGHT, of counsel.

MR. JUSTICE DIBELL delivered the opinion of the court.

Gustav Herman Geisenheiner died in Stark county about March 24, 1879, testate. Benjamin Turner was named as executor and qualified and administered the personal estate, and sold the real estate except the homestead, occupied by the widow, and distributed the proceeds, and died. His attorney filed a report for him after his death, which was approved. A large sum was left unpaid in seventh class claims. A widow's award had been made, on which she had taken certain per-

sonal property, leaving a balance due her of $483.25. The homestead was worth less than $1,000, and no sale thereof was then made. The widow died September 22, 1907. Thereupon appellee was appointed administrator *de bonis non* with the will annexed of the estate of said Gustav H. Geisenheiner, deceased, and filed a petition to sell the homestead for the payment of debts. The deceased had left no descendants, and the only persons in interest, other than the creditors, were the executor and beneficiaries under the widow's will. They answered, asserting that the widow was entitled to interest on the award, and that her executor and beneficiaries were also entitled to be paid a large sum for improvements she had placed upon the property, and that these two sums far exceeded the value of the homestead premises, and they asked therefore that the premises be not sold, but that said executor and beneficiaries of the widow be permitted to take said homestead free from the claims of the unpaid creditors of Mr. Geisenheiner. The court below found the amount of said unpaid claims, and that they bore interest; found the amount of the balance due on the widow's award as above stated, and that it did not bear interest; ignored the claim for improvements, and the request of the defendants that the property be not sold; and directed the sale of the premises for the payment of the debts. The beneficiaries and the executor under the widow's will appeal.

The contention that the homestead cannot be sold to pay the claims because of the great lapse of time since they were allowed is settled adversely to appellants by People v. Lanham, 189 Ill. 326. This was approved as to facts like those in the case at bar in Hanna v. Palmer, 194 Ill. 41, Graham v. Brock, 212 Ill. 579, White v. Horn, 224 Ill. 238, and Frier v. Lowe, 232 Ill. 622.

It is urged that the administrator *de bonis non* did not file a just and true account. Having shown that the personal estate was exhausted, this was excused. It is contended that the former executor did not prop-

erly apply the moneys he received, and especially that he paid certain real estate taxes improperly. His acts have been approved many years ago. As his payment of the taxes was approved, it must be presumed, in the absence of the will from this record, that it authorized their payment. If there had been any misappropriation of those funds, still they were very much less than the outstanding claims allowed, and it would still be necessary to sell this real estate. There is nothing in these contentions to impair the decree for the sale of the homestead.

The certificate of evidence does not show that the widow elected to take the balance due on her award in money and at least until this was done, and her selection of personal property and election to take the balance in money approved by the court, she certainly had no money judgment which would bear interest. Field v. Field, 215 Ill. 496. Whether a case could be made where interest would be allowable on a widow's award after the approval of her selection and election by the court is not presented for decision. If the allowance of the principal of said balance due on the award is in any way in doubt, under the proofs in this record, no cross errors have been assigned to question that part of the decree.

The certificate of evidence does not show that any proof was made that the widow had made any improvements upon the homestead while she occupied it, nor that said improvements enhanced the value of the property, and therefore there was no basis upon which the court could even consider whether her executor had a right to be allowed for any such improvements; and no question can be raised here upon the correctness of the court's decree in that respect.

The decree is therefore affirmed.

*Affirmed.*