Z. F. FISHER, ADMINISTRATOR OF S. BALLARD, v.
W. H. BALLARD ET AL.

(Filed 10 December, 1913.)

Executors and Administrators—Interrupted Administration—Judgments—Proceedings to Make Assets—Limitations of Actions—Interpretation of Statutes.

Where a judgment has been obtained in 1893 against an administrator upon a debt due by deceased, the administrator dies in 1898 without further administration until 1911, when proceedings are commenced against the heirs at law to sell lands to make assets to pay the judgment debt, there being no personal assets, a plea of the statute of limitations as a defense should be sustained under the express requirements of the Revisal 1905, sec. 367, that letters of administration shall issue "within ten years of the death of such person," and the period of interrupted administration will not be counted. *Smith v. Brown*, 99 N. C., 386, cited and approved.

APPEAL by defendant from *Carter, J.,* at November Term, 1913, of MADISON.

This is a proceeding to sell land for assets, in which the following judgment was rendered:

"This cause coming on for hearing before his Honor, Frank Carter, judge, and a jury, at the November Term, 1913, of the Superior Court of Madison County, the parties, by consent, agreed upon the following statement of facts, the same appearing from the allegations of the petition and the admissions in the answer:

"1. That Stanhope Ballard died intestate in the year 1892, leaving surviving him Lucinda Ballard, his widow, and the defendants as next of kin and heirs at law.

"2. That on 5 December, 1892, Lucinda Ballard, widow of Stanhope Ballard, deceased, was duly appointed and qualified as administratrix of the said Stanhope Ballard, and entered upon the discharge of her duties.

"3. That on 18 March, 1893, Roberson Brothers obtained judgment before J. M. Oliver, a justice of the peace of Madison County, against Lucinda Ballard, administratrix of Stanhope

Ballard, for the sum of $113.38, and the same was duly dock-
eted in the office of the clerk of the Superior Court of Madison
County on 10 April, 1893.

"4. That Lucinda Ballard, administratrix of Stanhope Bal-
lard, deceased, died intestate in the year 1898 without ever hav-
ing made her final settlement.

"5. That at the time of his death the said Stanhope Ballard
was seized in fee simple of certain lands in the county of Madi-
son, set out and described in the petition in this cause.

"6. That on 3 July, 1911, the plaintiff, Z. V. Fisher, was
duly appointed administrator *de bonis non* of the estate of the
said Stanhope Ballard, deceased, and at once qualified and
entered upon the discharge of his duties.

"7. That on 11 July, 1911, the plaintiff instituted a special
proceeding before the clerk of the Superior Court of Madison
County to sell the real estate described in the petition and the
amendment thereto, for the purpose of making assets to pay off
the judgment of Roberson Brothers rendered on 18 March,
1893, it being agreed that there are no personal assets belonging
to said estate.

"8. That said judgment has never been paid, and is a valid
claim against the estate of the said Stanhope Ballard, deceased,
unless the same is barred by the statute of limitations, the
defendant having pleaded the three, six, seven, and ten years
statutes of limitations, no proceedings having been taken on said
judgment except as hereinbefore recited.

"Upon the foregoing findings of fact the court is of the
opinion that the defendants' pleas of the statute of limitations
cannot be sustained, and is further of the opinion that said
judgment in favor of Roberson Brothers is a valid claim against
the estate of the said Stanhope Ballard, deceased.

"It is, therefore, ordered, adjudged, and decreed that all
interest of the said Stanhope Ballard, of which he died seized,
in the lands set out and described in the petition in this cause,
and in the amendment thereto, be sold in order to pay said debt
due Roberson Brothers, except so much of said lands as may
have been vested in the hands of innocent purchasers prior to
the institution of this proceeding.

"It is further ordered and decreed that Z. V. Fisher be and he is hereby appointed commissioner to sell the aforesaid interest of the said Stanhope Ballard in said lands at the courthouse door of Madison County, to the highest bidder at public auction for cash, after first giving thirty days notice at the courthouse door and in some newspaper published in Madison County, and report his proceedings in the premises to this court.

"It is further ordered and adjudged that the defendants pay the costs, to be taxed by the clerk."

The defendants excepted and appealed.

*C. B. Marshburn and P. A. McElroy for plaintiff.*
*Martin, Rollins & Wright for defendants.*

ALLEN, J. On 18 March, 1893, Roberson Brothers obtained a judgment against Lucinda Ballard, administratrix of Stanhope Ballard, for $113.38. About five years thereafter, in 1898, the administratrix died.

There was no further administration upon the estate until 3 July, 1911, eighteen years after the rendition of the judgment, and eleven years after the death of the first administrator.

This proceeding was commenced on 11 July, 1911.

Is the right of action barred by the statute of limitations? Clearly so, unless the time elapsing between the death of the first administrator in 1898 and the appointment of the second in 1911 is eliminated, and the authorities are to the effect that prior to 1905 the time between the two administrations must be excluded from the computation under that part of section 367 of Revisal which reads as follows: "If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced against his personal representative after the expiration of that time, and within one year after the issuing of letters testamentary or of administration." *Smith v. Brown,* 99 N. C., 386; *Brawley v. Brawley,* 109 N. C., 524.

The letter of this statute does not cover the case of an administration interrupted by the death of the first administrator;

but, as was said in *Smith v. Brown, supra:* "This clause uses language appropriate to actions against a debtor personally and not barred by the statute at the time of his death, and not verbally to a case where one representative dies, or is removed, and another succeeds to his place and carries on the work of administration left unfinished; yet the analogy is so complete and the spirit, if not the letter, of the act, reasonably interpreted, so closely applicable to the present facts, that we feel constrained to bring them under its provisions, so as to embrace them."

It would seem, therefore, that prior to 1905 the statute was applicable to administration interrupted by the death of the first administrator, and that the time between the two administrations would not be counted; but an important change in the statute was made by the General Assembly of 1905 by adding thereto, *"Provided,* such letters are issued within ten years of the death of such person."

The effect of this proviso was considered in *Matthews v. Peterson,* 150 N. C., 132, and it was there held that a delay of ten years, in taking out letters of administration, was a bar to a proceeding to sell land for assets with which to pay judgments.

The facts in the *Matthews case* were: The plaintiff's intestate, Haywood J. Peterson, died 12 July, 1895. The plaintiff took out letters of administration 25 September, 1905. The proceeding was begun 23 March, 1906, to make assets to pay five judgments taken before a justice of the peace 13 November, 1888, and docketed in the Superior Court the same day. These judgments were presented to the administrator a few weeks after his qualification, and were admitted by him to be valid claims against the estate. No personal property of the estate came into the hands of the administrator, and the Court said on these facts: "Revisal, sec. 367, which suspends the running of the statute upon the death of a debtor till one year after the issuing of letters to his personal representative (*Winslow v. Benton,* 130 N. C., 58), contains this clause, inserted by the Revisal commissioners: '*Provided,* such letters are issued within ten years after the death of such person.' The Revisal was enacted 6 March, 1905, but to go into effect 1 August, 1905.

The plaintiff took out his letters thereafter on 23 September, 1905, which was more than ten years after the death of the judgment debtor, the plaintiff's intestate. . . . The claim is not meritorious. More than seventeen years had elapsed after judgments taken, with no effort to enforce collection, and more than ten years after they had ceased to be *causa litis*. *Daniels v. Laughlin*, 87.N. C., 433. As to such stale claims, evidence of payment may well have been lost. The Revisal, sec. 367, was a wise provision. The plaintiff, nevertheless, waited more than a year after its enactment and nearly eight months after the future day set for its going into effect before beginning this proceeding. Not having moved 'in a reasonable time' after the passage of the act, he is justly barred."

We are, therefore, of opinion that the facts presented come within the statute, and that under the construction placed upon the amendment of 1905, the action is barred.

Reversed.