ROCKY MOUNT SAVINGS & TRUST COMPANY AND T. R. McDEARMAN, ADMINISTRATORS OF T. S. McDEARMAN, v. MARY B. McDEARMAN, WIDOW; S. B. McDEARMAN; BESSIE McDEARMAN, T. R. McDEAR-MAN; SILPHA McDEARMAN WINSTEAD AND HUSBAND, GEORGE C. WINSTEAD; ELLA B. McDEARMAN; MARY LOUISE McDEARMAN, AND NANCY LEE McDEARMAN, MINORS.

(Filed 2 March, 1938.)

1. **Executors and Administrators § 13a—Reversion after dower is not subject to sale to make assets when homestead is allotted in same property.**

While the setting aside of dower in intestate's lands does not prevent the sale of the reversionary interest to make assets to pay debts, when

dower is allotted in a house and the minors' homestead is allotted in rooms in the same house, the reversion after the homestead not being subject to sale, it could not be sold to advantage of creditors, and delay in the sale would work no injury to the heirs.

**2. Executors and Administrators § 26—**

An estate is not fully settled until all debts are paid or all assets exhausted.

**3. Executors and Administrators § 13a—**

As long as an estate remains unsettled, the real property undisposed of is subject to sale to make assets by petition properly filed by the administrator. C. S., 74.

**4. Executors and Administrators §§ 13a, 26—Under facts of this case, administrator was not guilty of laches in moving for sale of assets.**

All the lands of intestate were sold to make assets upon petition properly filed within one year from the date of the administrator's qualification, except certain land in which was allotted both the widow's dower and the minor heirs' homestead, which was excepted from the petition to sell by an amendment thereto. Upon the termination of the homestead rights some thirteen years thereafter, the successor administrator moved, after notice, to sell the reversion after the dower estate to make assets to pay the remaining debts of the estate. *Held:* Motion upon notice in the original proceeding was proper, since the original proceeding was still pending under its provisions implying that other real estate would later become available for sale, and under the facts of the case the successor administrator was not guilty of laches, as a representative of creditors, in moving for the sale of the balance of the real estate, nor guilty of unreasonable delay in settling the estate.

**5. Limitation of Actions § 10—No statute of limitations bars administrator's right and duty to sell lands to make assets to pay debts.**

When all lands of the estate are sold upon proper petition to make assets to pay debts of the estate except lands in which both the widow's dower and the minor heirs' homestead were allotted, upon the falling in of the homestead rights, the heirs' plea of the statute of limitations as a bar to the administrator's motion to sell the reversionary interest after dower to make assets to pay debts still outstanding against the estate, is bad although the motion is not made until some thirteen years after the filing of the original petition to sell lands to make assets, since no statute of limitations bars the administrator's right and duty to sell the remaining lands. The application of statutes of limitation against claims against the estate, distinguished.

**6. Executors and Administrators §§ 3, 13a—**

The appointment of successor administrators does not interrupt the course of administration or constitute two administrations, or affect the rights of the parties upon a petition to sell lands to make assets.

APPEAL by defendants from *Hamilton, Special Judge,* at September Term, 1937, of NASH. Affirmed.

This was a petition by motion in the above entitled special proceeding to sell real property of the intestate to pay the debts of the estate.

These are the material facts as they appear from the record:

T. S. McDearman died intestate in 1922, leaving him surviving his widow and three minor children. The Rocky Mount Savings & Trust Company and T. R. McDearman were appointed administrators. The administrators reported that the debts of the estate amounted to $125,000, with $42,000 personalty available, and in 1923 instituted proceedings as above entitled to sell real estate to make assets to pay debts, and asked that the widow's dower be set apart, and that homestead be allotted the minor children. Thereupon the dwelling house was set apart to the widow as her dower, and, subject to the dower right, the homestead was allotted to the minor children in two rooms in the house, described as follows: "The two upstairs front rooms in the McDearman residence on Sunset Avenue, with full right of ingress and egress to said rooms by way of the front yard, walk, porch, downstairs hall, steps and upstairs hallway, so that they may go to and from said rooms unmolested."

Thereafter, pursuant to the petition and amended petition of the administrators, all the real property of the intestate then subject to sale, except the reversionary interest in the dwelling house, was sold and the proceeds applied to the payment of debts, leaving some $50,000 of approved debts unpaid.

Subsequently, in 1936, upon the liquidation of the Rocky Mount Savings & Trust Co. and the removal from the State of T. R. McDearman, the Peoples Bank & Trust Co. was duly appointed administrator *de bonis non* of the estate of T. S. McDearman. As soon as the youngest child of the decedent became of age, in 1936, the administrator *de bonis non* filed petition by motion, upon notice to the heirs, in the original proceeding, for leave to sell the dwelling house subject to the dower interest of the widow, in order to make assets for the payment of the outstanding debts of the estate.

It also appeared that certain personalty amounting to $500, derived from some fund in a closed bank, remained unapplied.

The defendants, the heirs at law, filed answer setting up the seven and ten years statutes of limitation as a bar to petitioner's proceeding. The clerk ruled the proceeding was not barred by the statutes of limitation, and, upon appeal to the judge of the Superior Court, the order of the clerk was affirmed, and commissioners were appointed to sell the property subject to the life interest of the widow, for the purpose of creating assets for the payment of the debts of the estate. The defendants appealed to the Supreme Court.

*F. S. Spruill for plaintiff, appellee.*
*Battle & Winslow for defendants, appellants.*

Devin, J. The estate of T. S. McDearman not having been fully settled, and a substantial amount of the debts of the estate remaining unpaid, the falling in of the homestead which had been allotted to the minor children in a portion of the dwelling house rendered that property subject to sale, and the administrator *de bonis non* filed petition by motion in the original proceeding asking that this property be sold and the proceeds applied in payment on the debts of the estate. The original proceeding was begun in 1923, within the year following the death of the decedent, and all the real property was then sold except the interest in the dwelling house. This property had been set apart as the widow's dower. This fact would not have prevented a sale of the reversionary interest therein after the widow's life estate, but in a portion of the same house the homestead of the minor children have been allotted. The reversion after the homestead was not the subject of sale (*Hinsdale v. Williams,* 75 N. C., 430). Deeming that property consisting of a dwelling house subject to a life estate, with an unsalable homestead right covering a portion of the house (including right to hall, stairway, porch and front yard) superimposed thereon, could not be sold to advantage, if at all, the representatives of the estate awaited the falling in of the homestead before asking for the sale of the house. It does not appear that there was objection on the part of creditors or any one else. The delay inured to the advantage of the creditors of the estate and worked no injury to the rights of the heirs.

Under these circumstances it cannot be held that there was unreasonable delay in settling the estate, nor that the administrators, as representatives of the creditors, were guilty of laches (24 C. J., sec. 1491), nor that the application for leave to sell the remaining real property to make assets was barred by the statute of limitations. As long as the estate remained unsettled, and real property of the decedent remained subject to sale, the administrator could unquestionably proceed by proper petition in the original proceeding to have the real property sold for the payment of outstanding debts and for the final settlement of the estate. No statute of limitations barred that right or the performance of that duty. C. S., 74; *Adams v. Howard,* 110 N. C., 15, 14 S. E., 648; *Sledge v. Elliott,* 116 N. C., 712, 21 S. E., 797; *Lee v. McKoy,* 118 N. C., 518, 24 S. E., 210; *Warden v. McKinnon,* 94 N. C., 378; *Frier v. Lowe,* 232 Ill., 622; *Bursen v. Goodspeed,* 60 Ill., 277; *Killough v. Hinton,* 54 Ark., 65. As was said in *Creech v. Wilder,* 212 N. C., 162: "Until the debts have been paid, or the assets of the estate exhausted, the estate is not settled, and the duties and obligations of the administrator continue."

While the order of sale entered by the clerk in 1923 does not contain express reservation of the proceeding for further orders, the amended

petition excepted from the enumeration of property asked to be sold the property in which was allotted dower and homestead. It would seem, therefore, to be fairly implied that other real property would later become available for sale to make additional assets for the payment of remaining debts of the estate, and hence a motion upon notice in the original proceeding was proper.

The change in administrators did not affect the rights of the parties. It was said in *Smith v. Brown,* 99 N. C., 377, 6 S. E., 667: "The administrator *de bonis non* but takes up the broken thread and carries out an interrupted and incomplete administration. The two constitute a single administration of the estate."

The holding in *Fisher v. Ballard,* 164 N. C., 326, 80 S. E., 239, is inapplicable to the facts of this case, since here the original proceeding had been instituted by the duly qualified administrators within a year of decedent's death to sell real property for the payment of debts, and subsequently there was a petition by motion in the same proceeding to subject other remaining real property to sale for the payment of the outstanding debts of an unsettled estate.

The decision in *Smith v. Brown,* 99 N. C., 377, 6 S. E., 667, cited by defendants in their able brief, referred rather to the applicability of statutes of limitations affecting the validity of claims against the estate rather than to the right to sell available real property of the decedent to pay the approved debts of an uncompleted estate.

The judgment of the court below is

Affirmed.