H. S. GIBBS, ADMINISTRATOR D. B. N. OF THE ESTATE OF G. G. TAYLOR, v. PAULINE TAYLOR SMITH ET AL., HEIRS AT LAW OF G. G. TAYLOR.

(Filed 30 October, 1940.)

**Limitation of Actions § 10—No statute of limitations bars right and duty of personal representative to sell lands to make assets to pay debts of estate.**

> This proceeding to sell lands to make assets was instituted by the administrator *d. b. n.* appointed after the death of the original administratrix, the estate having been settled except for a judgment rendered against intestate prior to his death. The original administratrix died some ten years after her appointment without having sold the lands as directed by the court, and the administrator *d. b. n.* instituted this proceedings some seven months after the death of the administratrix. The heirs at law contested the petition on the ground that the judgment for the payment of which the proceeding was instituted was barred by the statute of limitations. *Held:* As long as the estate remains unsettled no statute of limitations bars the right and duty of the personal representative to sell lands to make assets to pay the debts of the estate. C. S., 74.

APPEAL by defendants from *Bone, J.,* at June Term, 1940, of CARTERET.

*Hamilton & McNeill and C. R. Wheatley for plaintiff, appellee.*
*J. F. Duncan and R. E. Whitehurst for defendants, appellants.*

SCHENCK, J. This is a petition filed in the cause by an administrator *d. b. n.* to sell real estate to make assets to pay a judgment taken and docketed against the intestate during his lifetime, and from judgment granting the petition the defendants, heirs at law, appealed, assigning error. It is stipulated that the sole question presented by the exception to the judgment below is as to the effect of the statute of limitations pleaded by the defendants. It is also stipulated that the facts found by the court below are binding upon the parties. The court found, *inter alia,* the following facts:

(1) The action in the Superior Court was brought by the administrator *d. b. n.* by petition to sell land to make assets, the estate of the

former original administratrix never having been finally administered. The petition was contested by the heirs at law of the decedent, the original owner of the land, on the theory that the judgment in favor of Gladys Taylor against the decedent G. G. Taylor, rendered at the June Term, 1925, of Carteret Superior Court, was barred by pertinent statutes of limitations.

(2) That "at the time of her qualification (speaking of the qualification of the original administratrix, widow of deceased owner of land), and at the time of the filing of her final account, she had personal knowledge of the rendition and docketing of the said judgment and of the demand made upon her said husband for payment during his lifetime, and that the same had not been paid; that shortly after her qualifying as administratrix the said claim was filed with, and demand for payment made upon her as administratrix . . ."

(3) That upon citation by the clerk of the Superior Court to the original administratrix, she filed "Report and Account" setting up "there appears in record judgment in *re* Gladys Taylor *v.* G. G. Taylor, recorded in Book 3, pages 502 and 536."

(4) Under date of 2 November, 1929, the clerk of the Superior Court of Carteret County entered an order to the effect that since no personal assets were available to pay the judgment of $1,500.00 in favor of Gladys Taylor, and only real estate was available, the administratrix was ordered to proceed under authority and direction of the court to provide assets for final settlement of the estate.

(5) Under date of 15 September, 1930, the original administratrix, widow of deceased, filed in the office of the clerk of the Superior Court a petition to sell lands for assets, wherein it was recited that "the only debts unpaid, except attorneys' fees (not stated in the account yet), are set up in the report of August 29, 1929, to wit: Judgment—$1,500.00, duly recorded"; on the same date summons was duly issued against all the heirs at law and the guardian *ad litem* previously appointed, but no service appears to have been had upon any of the parties and no sheriff's return of any kind appears on the summons.

(7) On 8 December, 1935, the original administratrix died without having provided assets through sale of lands as directed by the court in the several orders referred to and without submitting any further report or taking further action in the premises.

(8) None of the heirs at law or next of kin of the decedent, G. G. Taylor, having applied for letters of administration *d. b. n.,* H. S. Gibbs was, by the court, on 20 July, 1936, appointed administrator *d. b. n.*

(9) In September, 1936, H. S. Gibbs, administrator *d. b. n.,* filed petition in the Superior Court to sell the real property belonging to the estate of G. G. Taylor, deceased, setting out that no personal assets were

available with which to conclude the administration or to pay the judgment rendered in favor of Gladys Taylor, and summons was duly issued against the heirs at law of G. G. Taylor on 16 October, 1936.

(10) That all the heirs at law were before the court, that the judgment creditor, Gladys Taylor, was represented by her administrator, Roland Taylor, she having died during her minority, and that there were no personal assets belonging to the estate, and that the sole remaining assets consist of real estate, and that the judgment of $1,500.00 in favor of Gladys Taylor against G. G. Taylor remains unsatisfied.

This case is governed by the law enunciated in *Trust Co. v. McDearman,* 213 N. C., 141, where it is said: "As long as the estate remained unsettled, and real property of the decedent remained subject to sale, the administrator could unquestionably proceed by proper petition in the original proceeding to have the real property sold for the payment of outstanding debts and for the final settlement of the estate. No statute of limitations barred that right or the performance of that duty. C. S., 74; *Adams v. Howard,* 110 N. C., 15, 14 S. E., 648; *Sledge v. Elliott,* 116 N. C., 712, 21 S. E., 797; *Lee v. McKoy,* 118 N. C., 518, 24 S. E., 210; *Warden v. McKinnon,* 94 N. C., 378; *Frier v. Lowe,* 232 Ill., 622; *Bursen v. Goodspeed,* 60 Ill., 277; *Killough v. Hinton,* 54 Ark., 65. As was said in *Creech v. Wilder,* 212 N. C., 162: 'Until the debts have been paid, or the assets of the estate exhausted, the estate is not settled, and the duties and obligations of the administrator continue.' . . . The change in administrators did not affect the rights of the parties. It was said in *Smith v. Brown,* 99 N. C., 377, 6 S. E., 667: 'The administrator *de bonis non* but takes up the broken thread and carries out an interrupted and incomplete administration. The two constitute a single administration of the estate.' "

Affirmed.