# HARMON MYER *et al.*

## *v.*

# WILLIAM MCDOUGAL.

1. ADMINISTRATORS—*sale of lands by.* The title of a purchaser of lands at an administrator's sale cannot be defeated because the administrator obtains the order of sale to pay debts, which the latter knows to be fraudulent, where the purchaser is not chargeable with notice of, or participation in, the alleged fraud.

2. Such purchaser is only bound to see that the court ordering the sale has jurisdiction of the subject matter, and of the person; if so, his title will be protected.

3. And where a part of the claims are valid, and others are fraudulent, the title of a purchaser at such sale could not be questioned in a collateral proceeding, though it might appear that he had notice, or was a participant in such fraud.

4. LIEN—*of creditors of an estate.* The lien on real estate of a deceased person, existing in favor of his creditors, is superior to the claim of heirs and devisees, and their alienees, if enforced within a reasonable time. Five years after the decease is within a reasonable time.

APPEAL from the Circuit Court of Menard county; the Hon. JAMES HARRIOTT, Judge, presiding.

The facts material to an understanding of the case are fully stated in the opinion of the court.

Mr. THOMAS W. NEELY, for the appellants.

Messrs. HERNDON & ZANE, and Mr. N. W. BRANSON, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This record discloses the fact ,that Robert Hayden died testate, in the month of November, 1856, the owner of the

land in controversy. By his last will he devised the same to Elizabeth Hayden, and she afterwards sold the land to Barney M. Hayden. It also appears that he was, at the time of his death, indebted to different persons; that the land had been sold under an execution on a judgment against Robert Hayden, but the time for redemption had not expired; that Elizabeth Hayden sold and conveyed the premises to Barney M. Hayden, for the consideration of seven hundred dollars; and, as a part of the consideration for the conveyance, he paid two hundred and eighteen dollars to the sheriff, to redeem from the sale, and gave two promissory notes, with appellee as security, for the balance; and to indemnify appellee, he executed a mortgage on the premises, but failed to describe the county in which the land was situated, or the meridian by which it was designated. It was dated on the 5th of March, 1857, and recorded on the same day. The mortgage described the indebtedness as being to appellee, and provided that the mortgage should be void if Hayden should pay the notes to appellee.

Afterwards, Barney M. Hayden obtained letters of administration on the estate of Robert Hayden, deceased, appellee becoming security on his administrator's bond. Hayden filed, and had allowed as a claim against the estate, the sum he had paid for the redemption of the land; and other claims were filed and allowed which, with the claim in favor of the administrator, amounted to $332.54. At the February term, 1862, the administrator obtained a decree of the county court, directing the sale of this land for the payment of this indebtedness; that he afterwards sold the land under the decree, when Hambach became the purchaser and received a deed of conveyance therefor; that he afterwards sold the premises to appellants, Myer and Bracken. They deny all knowledge of appellee's mortgage.

Appellee contends, that he acquired a prior and superior lien on these premises by his mortgage and its registry, while

appellants claim that they acquired the paramount title to the premises by the administrator's sale. The devise of the land to Elizabeth Hayden, by Robert Hayden, was subject to the payment of his debts; and the devisee and her grantees took and held the premises subject to such indebtedness, which operated as a lien upon them, and the creditors may enforce such lien by administration against purchasers, from heirs or devisees. *McCoy* v. *Morrow,* 18 Ill. 519. In that case it was held, that the creditor must enforce his lien within a reasonable time, and it was said, that in analogy to our limitation laws barring entries on land and the length of time a judgment will remain a lien on lands, seven years from the death of the owner might bar the creditors' lien. But the court declined to fix that as the period, as more than twenty years had elapsed in that case. But the court fully recognize the lien, and say that it must be prosecuted in a reasonable time after the death of intestate or devisor; and that an analogy to our limitation laws should be adopted as the period, but decline to say whether it shall be twenty or seven years.

In this case, seven years had not elapsed when the lien of the creditors was enforced through the decree, and the administrator's sale, and hence their lien had not ceased or become barred. Robert Hayden died in November, 1856, and the decree was rendered in February, 1862, but little more than five years. Elizabeth, the devisee, Barney, the purchaser from her, and appellee, each had the power to discharge these debts, and prevent the enforcement of the creditors' lien, and free the land from the burthen and protect their title. But having failed to do so, they occupy the same position they would have done had the land been sold under any other description of superior lien.

It is, however, insisted, that the allowance in favor of Barney Hayden, for the money paid to redeem from the sale on execution, which formed a part of the consideration of his purchase, was fraudulent, and rendered the sale void. Even

conceding this to be true, it nowhere appears in this case that Hambach or appellants knew of, or participated in, the fraud. They could not be required to do more than look to see whether the court rendering the decree had jurisdiction of the subject matter and of the parties in interest, unless successfully charged with participation in the fraud, and at most with notice before the purchase at the administrator's sale. We see no evidence in this case that appellants ever had such notice, much less that they aided in its perpetration. But even if they had, still there is no pretense that the other claims allowed against the estate were not justly due and owing by the estate; and if so, they conferred jurisdiction to order the sale, and the allowance of improper claims, or the order for the sale for more money than the estate should have been required to pay, will not be inquired into in a collateral pro ceeding.

Nor do we see that there was any lack of jurisdiction, and the fraud cannot, therefore, be set up in this collateral proceeding to defeat appellants' title. The title of their grantor related back to the lien of those creditors of Robert Hayden, which was held in his lifetime, which must be not only anterior, but superior to any lien appellee may have acquired. The decree of the court below must be reversed and the cause remanded.

*Decree reversed*