# ISAAC O. WOLF *et al.*

*v.*

# ISAAC OGDEN.

1. ADMINISTRATOR'S SALE *of land to pay debts—limitation as to time for making application.* While there is no statute of limitations barring proceedings by administrators for the sale of lands to pay debts, yet the right to sell the real estate of a deceased person for such purpose will be barred after the lapse of seven years, unless the delay can be satisfactorily explained; and in this respect each case must rest upon its own peculiar facts.

2. Where the intestate died in 1856, and petition by his administrator for an order to sell land to pay debts was filed for the first time in 1871, containing no explanation for the extraordinary delay, but the court found in the decree that it was excused from the fact that the premises were occupied as a homestead by the widow and family for a considerable time after the death of the decedent, and the belief of the administrator and creditors that the right continued in the youngest child, who received the rents while the family did not occupy the premises, and the record failed to show the value of the land: *Held,* that the court erred in ordering a sale, as the great delay was not accounted for; and that the facts found by the court afforded no reasonable explanation.

3. HOMESTEAD—*right of minor child to.* Where a party dies, having a homestead right, leaving his family in the occupancy of the premises, that right in the premises will continue until the youngest child attains his or her majority.

4. SAME—*abandonment.* Where land claimed as a homestead was sold by the administrator of the estate under a decree of court to pay debts, there being no allegation in the petition of any abandonment of the right; but the decree of the court recited that the homestead at the date of the decree had been abandoned, there being no such evidence in the record on that point: *Held,* that the decree was erroneous.

5. ADMINISTRATOR'S *proceeding to sell land—preserving evidence.* In a proceeding by an administrator to sell lands to pay debts, commenced fourteen years after the death of the intestate, the evidence heard by the court to explain the delay must be preserved in the record to sustain the decree on error.

6. SAME—*former decision explained and limited.* What was said by this court in *Shoemate* v. *Lockridge,* 53 Ill. 503, as to presumptions that evidence was heard to support the findings of the court, must be regarded as said with reference to proof of indebtedness and of the facts necessary to confer jurisdiction.

WRIT OF ERROR to the County Court of Wabash county; the Hon. JAMES S. JOHNSTON, Judge, presiding.

Messrs. BELL & GREEN, for the plaintiffs in error.

Mr. S. Z. LANDES, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was a proceeding commenced in the county court of Wabash county, at the June term, 1871, for an order to sell real estate to pay debts. The petition is in the usual form, and alleges that Martin Wolf departed this life, in 1856, seized of the real estate described; that defendant in error was appointed administrator the same year; that debts to the amount of $457.98 had been regularly allowed against the estate; that the personal assets had been exhausted, and the debts, together with the interest, remained unpaid.

Fourteen years having elapsed from the death of the intestate before filing the petition, it is insisted the lien of creditors, if any ever existed, is barred, and therefore the decree ordering the sale was improper.

There is no statute barring actions or proceedings of this character, but it has been held in numerous cases in this State, the right to have real estate sold to pay debts will be barred after the lapse of seven years, unless the delay can be explained. Each case must rest upon its own peculiar facts. *McCoy* v. *Morrow,* 18 Ill. 519 ; *Rosenthal* v. *Renick,* 44 Ill. 203 ; *Moore* v. *Ellsworth,* 51 Ill. 308; *Bursen et al.* v. *Goodspeed,* 60 Ill. 277.

An extraordinary delay of fourteen years has intervened between the death of the intestate, the granting of letters and the filing of the petition, which is not explained by anything in the record. The petition itself is silent as to the cause. There is no certificate of evidence, and the facts found by the court as stated in the decree afford no reasonable explanation.

15—66TH ILL.

The court found the delay in not applying for leave to sell the estate was the fact the premises were, at the time of Wolf's death, his homestead, and continued to be occupied for a considerable time after his death by the widow and the family, the administrator and creditors being under the belief the homestead was still in the youngest child, Meribah, to whom the rents had been paid for her support during the time the family of the intestate did not occupy the property; that at the time of filing the petition the homestead right had ceased by reason of abandonment, and the widow's right of dower by reason of her death.

. The facts found by the court do not bring the case within the exception to the general rule as stated in *Bursen* v. *Goodspeed, supra.* There, an earlier application had been made, but because it distinctly appeared the premises had been the homestead of the intestate, and continued to be the homestead of the widow and family, and the same being worth but a few hundred dollars above the homestead interest, on application of the creditors the proceeding was discontinued by the county court. The administrator, however, renewed the application without unreasonable delay after the homestead of the widow and family had terminated. These facts appearing from the record, they were held, in that case, to afford a satisfactory reason for a delay of thirteen years after the death of the intestate before making the second application to sell the estate. Here, the court simply finds the administrator and the creditors believed that for the eleven years the family had ceased to occupy the premises the same had been rented for the benefit of the minor heir. It was their duty to inform themselves as to the fact, and their mere belief a certain state of facts existed would not excuse such unreasonable delay.

If the premises were, in fact, the homestead of the intestate, that right would continue until the youngest child had attained its majority. The court finds the homestead, at the date of the decree, had been abandoned, but there is no such allegation in the petition, and no evidence in the record on

that point.   At the date of the decree, one of the heirs was still under the age of eighteen years.   There is no finding as to the value of the premises.   If worth less than $1000, the creditors' lien would not attach until after the termination of the homestead interest.

What was said in *Shoemate* v. *Lockridge*, 53 Ill. 503, as to presumptions that evidence was heard to support the findings of the court, must be regarded as having been said in view of the proof required of indebtedness under sections 103 and 108 of the Statute of Wills, and of the facts necessary to confer jurisdiction.

The evidence to explain the unprecedented delay of fourteen years in making the application to sell the estate of the intestate ought to have been preserved, to maintain the decree. There is error in the record, and the decree must be reversed and the cause remanded.

*Decree reversed.*