Lewis v. McGraw.

## SOLOMON F. LEWIS
### v.
### JOHN J. McGRAW, Adm'r, etc.

1. ADMINISTRATION—PARTIES.—In a petition to sell real estate to pay debts, it is not necessary to make those who may be supposed to have claims against the estate not presented for allowance, parties to the petition; a compliance with the statute is sufficient.

2. SAME—RIGHTS OF CREDITORS OVER PURCHASERS FROM HEIRS OR DEVISEES.—All devises are fraudulent and void as against creditors, and creditors have a lien against the estates of their deceased debtors for the satisfaction of their debts, which they may assert—and enforce through administration—even against purchasers from heirs or devisees.

3. SAME—HOMESTEAD EXEMPTION.—While the provision of the statute which continues the homestead exemption after the debtor's death for the benefit of the widow and minor children is established, yet after the exemption ceases the right to sell to pay debts of the testator has been fully recognized.

APPEAL from the Circuit Court of De Witt county; the Hon. C. EPLER, Judge, presiding. Opinion filed February 25, 1886.

Messrs. MOORE & WARNER, for appellant.

Mr. P. T. SWEENEY and Mr. R. A. LEMON, for appellee.

WALL P. J. This is an appeal from an order granted upon the petition of the administrator, with the will annexed, of Isaac Loucks, deceased, for leave to sell real estate to pay debts.

The will devised the property in question to the widow of the testator and was executed in 1874.

The testator died in 1879. The property was his homestead and was worth less than $1,000.

The widow continued to occupy the property for several years, and though the will was admitted to probate in 1882, letters executory were not issued.

Shortly after probating the will, a mortgage was executed by the widow to William Bishop, intending to cover the property, though misdescribing it.

In 1883 she conveyed the property by deed to one Rasback, who afterward conveyed it to the appellant Lewis, and in 1884 she died. There were no minor children. Soon after her death, on the petition of Sweeny, a creditor of Loucks, McGraw was appointed administrator and the claim of Sweeny was duly probated against the estate. There being no personal property, and no other claims having been presented, the petition was filed by the administrator, for leave to sell the property to pay this debt, to which petition said Lewis, Bishop, and one Smith, who was the tenant of Lewis, were made parties defendant. Answers were filed by Lewis and Bishop, and an order was entered for sale according to the petition.

It is objected that the heirs of the deceased and the legal representatives of the widow should have been made parties. The statute provides that the widow, heirs, and devisees of the testator or intestate, the guardians of those who are

minors, and the conservators of such as shall have conservators, and the actual occupants of the premises, shall be made parties. The widow being dead and she having been the sole devisee, the statute was complied with when her grantee and the occupant of the premises were made parties. The fact that the widow might have had a claim against the estate on account of her separate award is suggested as a reason why her legal representatives should have been joined. It is not necessary to make those who may be supposed to have claims against the estate not presented for allowance, parties to the petition. The proceeding is statutory, and a compliance with the statute is enough.

It is suggested that the petition is defective in not averring that the debts referred to therein were owing by the decedent at the time of his death. It does not appear that this objection was urged in the court below, though the petition was fully answered by Lewis, the present appellant, and Bishop, denying, among other things, the validity of the claim of Sweeney, and from the record we find the claim was duly proved to have been a valid subsisting debt against the testator. Having answered the petition, and having permitted this proof to be made without suggesting that there was no sufficient allegation on that point, it is too late to make the objection now.

We do not, however, regard the petition as defective in this respect. The averment is that the debts and demands allowed against the estate amount to $501 besides the cost accrued, and that the petitioner knows of no other just claim against the estate. We think the objection is not well taken. It is finally urged that as the property was the homestead of the testator, and was worth less than $1,000, the widow took it clear and free of the debt in question. The debt was contracted in 1869, and it is contended by counsel for appellee, that the rights of the creditor are to be considered in the light of the law then existing in relation to homesteads. The law then in force created an exemption merely, while the law in force when the will was made and when it was probated, created an estate of homestead. Whether it was competent for the legislature to amend the homestead law,

and thus affect the remedy as to existing contracts, it is not necessary to consider, as in amending the law care was taken to avoid doing so; nor is it necessary to say whether, if it were otherwise, the change would be important in the view we take of the subject.

Assuming that the testator might, by a conveyance executed by himself and wife, and acknowledged as the law provided, have sold the property and given a perfect title, it does not follow that he could, by a devise, place it beyond the reach of his creditors, because it was his homestead. Such is not, in our judgment, the letter or spirit of the law.

It is not so provided nor is it to be so inferred from what is provided. All devises are fraudulent and void as against creditors, and creditors have a lien against the estates of their deceased debtors for the satisfaction of their debts which they may assert and enforce through administration, even against purchasers from heirs or devisees. Ch. 159, Sec. 10 R. S.; Vansyckle v. Richardson, 13 Ill. 171; McCoy v. Morrow, 18 Ill. 519; Myer v. McDougal, 47 Ill. 278.

No such limitation as is supposed appears in the statute authorizing sales of real estate to pay debts. Of course the provision which continues the homestead exemption after the death of the debtor, for the benefit of the widow and minor children, is to be regarded in such proceedings, and there is provision for assigning such exemption (Ch. 41 Sec. 44); and it has been held that the property, when of less value than $1,000, can not be sold while the exemption continues. Hartman v. Schultz, 101 Ill. 437.

The right to sell upon such a petition after the exemption ceases, was recognized in Bursen v. Goodspeed, 60 Ill. 277, and Wolf v. Ogden, 66 Ill. 224. See also, Thompson on Homesteads, Sec. 548.

As a devise is void against creditors it follows that devisees are in the same position as heirs and that the same rule applies.

We are of opinion that this objection is not well taken and as no other objections are urged against the decree it will be affirmed.

Affirmed.