## CLIFTON H. MOORE, ADMINISTRATOR, ETC.,
### v.
## PETER T. SWEENEY, ADMINISTRATOR, ETC.

*Administration—Proposition of Law—Sec. 42, Practice Act—Widow's Award—Waiver—Former Adjudication.*

1. An indorsement by the court upon a proposition of law submitted, which amounts to a refusal to consider the same, sufficiently complies with Sec. 42 of the practice act.

2. A creditor of a deceased widow can not, in order to collect his debt, institute proceedings to have her award in the estate of her husband set off, she having used the entire estate without asserting such right.

3. Where a widow, appointed executrix of her husband's estate and made his sole devisee, has failed to administer and has sold the property, used the proceeds and removed to another State, her creditors can not claim the widow's award.   Such acts amount to a waiver thereof.

[Opinion filed May 25, 1888.]

APPEAL from the Circuit Court of DeWitt County; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. MOORE & WARNER, for appellant.

Mr. P. T. SWEENEY, for appellee.

PLEASANTS, J.   The material facts in this case are as follows:  Isaac Loucks died at Clinton, De Witt county, June 25, 1879, leaving a will by which he devised and bequeathed all his property of every kind to his wife, Larney Loucks, and appointed her sole executrix, requesting that she be not required to give a bond or file an inventory as such.   He left no minor child.   The property consisted of household furniture of value not exceeding $50, and the homestead lot eight, in block one, of Madden's First Addition to Clinton.   On May 15, 1882, the widow presented the will for probate and it was admitted, but she never took out letters testamentary.   On that day she executed to William Bishop a mortgage, doubtless intended to cover the homestead, but describing it as lot one in block eight, to secure the payment of $179.80, and on June 28, 1883, conveyed it absolutely, by warranty deed, with the proper description, to Huldah Rasback, who conveyed to S. F. Lewis.   Having also converted to her own use all of the personal property without taking a step further toward administration, she removed to the State of New York, and there died about April 15, 1884, intestate.

In December, 1884, upon petition of appellee as a creditor of Isaac Loucks, letters of administration with the will annexed were granted by the County Court of De Witt county to John J. McGraw, and after due presentation and allowance of his claim for $501, a petition was filed for leave to sell the real estate mentioned to pay it, making said Bishop and Lewis, and the tenant of Lewis, who was then in possession, parties defendant.   Bishop and Lewis answered, and on hearing the proofs the County Court dismissed the petition.   On appeal to the Circuit Court, this order was set aside and a decree entered in accordance with the prayer of the petition; which

judgment was by this court affirmed.   Lewis v. McGraw, 19 Ill. App. 313.

Bishop then procured the appointment of appellant as administrator of the estate of Larney Loucks. Letters issued March 4, 1886.

About this time McGraw died, and appellee was duly appointed administrator *de bonis non* in his place, who thereupon sold the homestead under the decree of the Circuit Court, affirmed as above stated, to Edward J. Sweeney for $260, and made report of the same to the Circuit Court, which was approved.

Appellant, as administrator of the estate of Larney Loucks, presented his petition to the County Court for the appointment of appraisers to appraise, allow and set off to him as administrator, the widow's allowance in the estate of Isaac Loucks, or the value thereof. Appellee answered and resisted this petition, but the County Court granted it, and appointed the appraisers, and the Circuit Court, on appeal, affirmed the order. A further appeal to this court was prayed and allowed, but not perfected. The appraisers estimated the personal property at $32.75, and fixed the amount of the widow's award at $700. Appellant, on leave granted, amended the claim he had previously filed, by raising it from $600 to $700, and, the court having approved the appraisers' report, selected the personal property, inventoried at the appraised value, and elected to take the residue, $667.25, in money. Relinquishment and selection filed March 7, 1877.

Appellee then moved to strike the relinquishment and selection from the files, and filed objections to the allowance of the widow's award and appellant's claim thereto against the estate of Isaac Loucks, for the same reasons, in substance, which he had set forth in opposition to the appointment of the appraisers. The motion and objections were overruled, and judgment was entered for appellant for the amount he had elected to take in money, as a claim of the second class, to be paid by appellee in due course of administration. From this judgment an appeal was taken, and on trial thereof without a jury (by agreement of the parties), the Circuit Court

found the issue against the claimant, refused a new trial, and entered judgment disallowing the claim. From that judgment this appeal is taken.

Appellant makes two technical points. First, that the court refused to mark a certain proposition of law submitted by him either as "held" or "refused," but indorsed thereon a statement that it "did not consider and pass upon said proposition because it did not include and was not based on the leading facts upon which the case was tried." Although not a literal compliance with the terms of the practice act, this indorsement clearly shows that the court did consider and pass upon it, and did refuse it as inapplicable to the case. It might as well have been marked "refused." We think that was the proper disposition to be made of it. It was hardly a proposition of law, in the sense of the statute. In effect, it asserted that, upon the few admitted facts therein stated, the claimant here was entitled to take and have the amount claimed "out of the proceeds of any land that had belonged to Isaac Loucks in his lifetime, and which his administrator had sold under order of the County Court to pay debts of his estate." It entirely ignored the questions of *laches* and waiver and estoppel. If it ought not to have been held and the court had refused to notice it in any way, such refusal could have done the appellant no harm. The record shows the proposition and the court's disposition of it. We think that for all the purposes contemplated by the statute it was in effect marked refused; but if not, the error is not material.

It is claimed that the right of the widow's administrator to have her award estimated and set off to him as such, out of the estate of her deceased husband, is *res adjudicata* by the order of the County Court appointing the appraisers, affirmed by the Circuit Court and not further contested. But that order could not determine his right to the particular claim here contested. For how could that question arise until appraisers were appointed and executed their warrant?

Coming then to the merits, we are of opinion that appellant's claim was properly disallowed, for the reason that his decedent by her own act had barred her right, and therefor also his, to treat this land or the proceeds of its sale as of the

estate of her husband. She treated it as her own, and in a way absolutely incompatible with any just claim by her or her representative now to treat it otherwise. As her own she has received the full benefit of it. It legally was her own, except as to creditors of her husband. No such creditor has asserted or can now exercise his right as against her. She has in fact held and enjoyed, and by her own voluntary, deliberate, solemn and irrevocable act—legal and valid as against her —disposed of it as fully and completely as if there had been no such creditor. The law in his favor has not operated and can not now operate against her. Having once, as devisee, asked and received for it a full consideration which can not be restored or recovered, she ought not to be permitted again to dispose of it for her own benefit as creditor of her husband. If she still has a claim as such, it must be against something else of her husband's estate, and not against the property she has conveyed. She could dispose of it absolutely but once on co-existing grounds of right, however numerous, distinct or just they might be.

Again, if this property was ever subject to her claim she was not bound to assert it. She might waive it. The statute allowing it is for her benefit. Her creditor could not assert it, nor compel her to assert it for him. If she intended or desired to apply for this allowance, it was her duty to do so and have the proper steps taken within a reasonable time. Furlong v. Riley, 103 Ill. 632. Her death did not occur until nearly five years after she was appointed and might have acted as executrix. That time might not of itself bar her application, though the law fixes no particular period of neglect as constituting *laches*, but in connection with her positive acts in appropriating the entire estate as devisee, and removing to another jurisdiction, may well be held to be a waiver of her claim. Whether by reason of ignorance of the law or not, it is clear that she never in fact contemplated any such proceeding. It is instituted wholly by and in the interest of her creditor; and for the reasons indicated we think the claim, as against appellee and the fund in question, is without merit or legal right.

*Judgment affirmed.*