## C. C. Digby, Administrator, Appellant, v. William Weber et al., Appellees.

ADMINISTRATION OF ESTATES—*what laches bars application to sell real estate to pay debts.* A delay of 27 years after an estate of homestead has ceased to exist in the real estate sought to be sold, constitutes such laches on the part of the creditors as will bar the relief sought; such laches cannot be excused by the failure of the widow and heirs to notify creditors of the extinguishment of the homestead estate; such duty of notification does not rest upon such widow and heirs but the necessity of vigilance is imposed upon the creditors.

Petition to sell real estate to pay debts. Appeal from the County Court of Coles county; the Hon. T. N. COFER, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed May 19, 1909.

A. C. ANDERSON, for appellant; S. S. ANDERSON, of counsel.

A. J. FRYER, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an appeal from an order of the County Court of Coles county, denying the petition of appellant as administrator *de bonis non* with the will annexed of Godfrey Weber, deceased, for the sale of certain real estate, of which said deceased died seized, for the payment of debts.

The evidence discloses that Godfrey Weber died in 1877, leaving his last will and testament and that his widow, Frances Weber, was duly appointed executrix of said will and continued to act as such executrix until her death in 1908; that in 1879, said executrix, upon her petition for the sale of all the real estate of said deceased (except the property here involved which was then occupied by her as her homestead) for the payment of debts, was directed to sell said real estate and that upon such sale being made by her there was realized for distribution among the creditors $414.06 less costs, which amount liquidated about 10 per cent of the amount of claims then allowed against said estate; that, thereafter, another claim was allowed against said estate, amounting to $820; that in 1908, after the death of said executrix, appellant was appointed administrator *de bonis non* with the will annexed of the estate of said deceased and the unpaid claims against said estate then amounted to $4,000, without computing interest thereon; that immediately after his appointment as such administrator appellant filed the petition here involved for the sale of lots 110, 111, 112 and 119 in the original town of Charleston, being the property occupied by the said deceased at the time of his death as a homestead and thereafter by his widow until her removal from and abandonment of the same; that in 1881 Frances Weber, widow of said deceased, removed from and abandoned said premises as her homestead, and thereafter continued to reside upon her farm at Westfield and in a house or houses owned by her in Charleston; that the dower of said Frances Weber in the real estate of which her husband died seized, was never assigned and set apart to her.

The only question involved is whether, upon the facts as stated, a delay of 27 years after the estate of homestead ceased to exist in the real estate sought to be sold, constitutes such laches on the part of the creditors as will bar the relief sought.

It must be regarded as settled law in this state, that where an application is made for the sale of real estate to pay debts more than seven years after the death of the principal debtor or the grant of letters on his estate, the burden is cast upon the administrator satisfactorily to explain the reason for the delay, and where no satisfactory explanation is made, the proceeding will be barred by laches. Wolf v. Ogden, 66 Ill. 224; Graham v. Brock, 212 Ill. 579; White v. Horn, 224 Ill. 238; Frier v. Lowe, 232 Ill. 622. All of the cases cited and relied upon by appellant are cases where the real estate sought to be sold was encumbered by an estate of homestead in the widow or children of the deceased, or which had been assigned to the widow as her dower. In such cases it was held that an application for the sale of the real estate to pay debts made within a reasonable period after the estate of homestead or dower had ceased to exist, was in apt time. In no case has it been held that an unassigned right of dower in lands subject to sale constituted a sufficient excuse for a failure to apply for the sale of such lands.

It is urged in the case at bar that if the estate of homestead of the surviving widow in the land sought to be sold ceased to exist by abandonment in 1881, the creditors of the deceased had no notice of such fact, and the suggestion is offered that it was incumbent upon the widow and heirs of the deceased to then notify the creditors of such fact. No such duty was imposed upon the widow and heirs of the deceased debtor, but it was the duty of the creditors to be vigilant in ascertaining their rights, and a failure to exercise such vigilance constitutes no excuse whatever for the delay, but rather operates to make the bar by laches more effective. Wolf v. Ogden, *supra.*

The court did not err in denying the prayer of the petition and the judgment will be affirmed.

*Affirmed.*