George Goetz, Administrator, Appellant, v. Ida L. Wenzel et al., Appellees.

Gen. No. 16,960.

1. ADMINISTRATION OF ESTATES—*laches.* A petition by an administrator to sell land to pay debts will be barred by laches unless filed within seven years after the death of the debtor or grant of letters, unless such administrator satisfactorily explains the delay.

2. ADMINISTRATION OF ESTATES—*widow's award.* A petition to sell land to pay the widow's award is properly dismissed where the land was devised to the widow for life with remainder in

fee to her daughter, who was appointed executrix, and the evidence shows that the widow collected rents and paid taxes with the intention of accepting the provisions of the will until more than seven years after the testator's death, and does not support a charge that the executrix and an attorney fraudulently represented that the award would be collected to induce the widow to allow the seven years to run.

Appeal from the Probate Court of Cook county; the Hon. CHARLES S. CUTTING, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed February 19, 1913.

JOHN O. WAGNER, for appellant.

ELA, GROVER, MARCH & ECKERT, for appellees.

MR. PRESIDING JUSTICE DUNCAN delivered the opinion of the court.

January 21, 1910, George Goetz, as administrator *de bonis non* with the will annexed of George Henry Beck, deceased, filed a petition against Eva Beck, the widow, and Ida Louise Wenzel, a daughter, the only heirs of said deceased, to sell Lot 1, Block 5, of Fullerton's Second Addition to Chicago, to pay the debts of said deceased. On the final hearing the court dismissed the petition, and the administrator *de bonis non* prosecutes this appeal.

No questions arise on the pleadings. From the uncontroverted evidence it appears that said George Henry Beck died testate February 9, 1899, and seized in fee simple of said lot, the only real estate of which he died seized; that said widow and daughter were his only heirs to survive him, and that by his will duly probated in the Probate Court of Cook County, the deceased devised to his widow, Eva Beck, the said lot for the term of her natural life with remainder in fee after her death to Ida Louise Wenzel, his daughter by a former wife; that the said daughter was named in said will as executrix and was afterwards duly qualified as such executrix; that said real estate was of the

value of about $2,500, and that the personal property left by said deceased amounted to about $200.00; that on October 5, 1903, said executrix filed her inventory and the appraisement of the widow's award in said estate, amounting to $1,045; that said executrix continued to act as such executrix until about October 19, 1909, when she refused to file a petition to sell the lot and resigned and was succeeded by the administrator *de bonis non,* who filed said petition; that said award was the only debt allowed against said estate and after the payment of all costs and applying the rest of the personal property to the payment of the widow's award it was reduced to the sum of $943.12, which sum was the deficiency in the payment of the debts of said deceased and for the payment of which sum the said lot was asked to be sold.

It is admitted by appellant that a petition by an administrator to sell land to pay debts of a deceased person must be filed within seven years after the death of the debtor or the grant of letters, or that the proceeding will be barred by laches, unless the administrator shall satisfactorily explain the delay. Such is the settled law of this State. Digby v. Weber, 149 Ill. App. 487; Wolf v. Ogden, 66 Ill. 224; Graham v. Brock, 212 Ill. 579; White v. Horn, 224 Ill. 238; Frier v. Lowe, 232 Ill. 622.

The only reason or excuse offered in this case for the delay in the application to sell the real estate by the administrator and the widow is the claim that at the time Mrs. Wenzel was appointed as executrix Mr. Adolph Weiner was employed as an attorney for both Mrs. Beck and Mrs. Wenzel, and that he was employed by them to look after their interests in the estate; and that after said attorney was so appointed he repeatedly promised Mrs. Beck, during the ten years and more following his employment, that he would collect her award for her out of the estate, and thereby caused her to trust and to rely on that promise, until the seven years had run. She also insists that after the seven

years had elapsed Mr. Weiner told her he was not her attorney, and that if she wanted her award collected, she would have to get her another attorney.

It is now here insisted that the weight of the evidence in this record clearly establishes her claim and that the purpose of said attorney and Mrs. Wenzel was, by means of said false promises, to induce Mrs. Beck to allow the seven years to run and thereby defraud her of her award, etc.

An examination of the evidence shows that the theory or explanation of the delay in the application for sale is supported solely and only by the testimony of Mrs. Beck, and that her evidence is contradicted in all its material parts by the evidence of Adolph Weiner and Mrs. Wenzel. Mr. Weiner positively testified that he at no time promised to represent Mrs. Beck in the collection of her award, and that she never at any time asked him to do so. He testified also that Mrs. Beck complained to him some years after the executrix was appointed that the lot brought hardly enough money to keep her alive and asked him to submit propositions to Mrs. Wenzel for one or the other to sell and the other to buy and own the entire lot; that he did so and that Mrs. Wenzel rejected the proposition, and that Mrs. Wenzel also refused to assist Mrs. Beck in paying the taxes, and that this was the only service she asked him to do, except to ask Mrs. Wenzel to pay over to her the $200 in money belonging to the estate as personal property. His testimony is entirely corroborated by Mrs. Wenzel, except in a few minor matters of no importance specially in the decision of the case. It is very probable that Mrs. Beck understood, and that Mrs. Wenzel understood, that Mr. Weiner was the attorney for both, while he understood that he represented the executrix and was to advise an administration and settlement according to the will of the deceased.

We are satisfied, however, from the evidence that it was the intention of Mrs. Beck to accept the provi-

sion made her by will, that she collected the rents from the real estate, and paid the taxes thereon with such intention, and that there was no thought or intention on her part of having the real estate sold to pay her award until long after the seven years had run, and that the court was warranted in its finding that no fraud or deceit was practiced on her by either Mr. Weiner or Mrs. Wenzel.

The decree or order of the Probate Court is, therefore, affirmed.

*Affirmed.*