MARY E. HURLBUT *vs.* ALEXANDER TALBOT *et al.* Appellees.—(JOSEPH W. MATTES, Admr., Appellant.)

*Opinion filed April 20, 1916—Rehearing denied June 8, 1916.*

1. PARTITION—*presumptively, partition suits are instituted for common benefit of the heirs.* Presumptively, partition suits are brought for the common benefit of all the heirs and others interested in the premises, and their right to full relief in the premises is not affected by the fact that they are made defendants instead of complainants in the bill.

2. SAME—*parties have a right to have questions of title settled and clouds removed.* Under the statute all persons interested in the real estate sought to be partitioned have a right to have all questions of conflicting or controverted titles investigated and determined and all clouds removed from the title to such real estate, and they cannot be deprived of such right by being made defendants to the bill.

3. SAME—*when cross-bill in partition suit is proper.* Defendants to a partition suit have a right to file a cross-bill setting up the fact that the interests of the parties are not correctly set forth in the bill, that certain proceedings have been had since the original bill was filed resulting in decrees and judgments which constitute claims against the real estate and clouds upon the title, and asking that the parties claiming under such decrees and judgments be made parties to the cross-bill and their rights investigated and determined.

4. SAME—*when objection that bill is multifarious will not be considered.* Where the objection that a bill for partition is multifarious is not made by demurrer but by the answer to the bill, the court is invested with discretion to allow or disallow the objection on the hearing, and if the court refuses to allow the objection it will not be considered by a court of review.

5. SAME—*what does not render a partition bill multifarious.* The fact that a bill for partition joins several claims of different claimants which are alleged to be clouds upon the title and are sought to be removed does not render the bill multifarious.

6. ADMINISTRATION—*the right to sell land to pay debts may be barred by unexcused delay of seven years.* While there is no statute limiting the time within which an administrator may sell land to pay debts, yet the right to sell lands of a decedent to pay his debts will be barred by *laches* after a lapse of seven years unless the delay can be satisfactorily explained.

APPEAL from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

ERNEST SAUNDERS, for appellant.

WISNER & WALSH, (F. W. BALCOMB, of counsel,) for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

James A. S. Reed died testate in December, 1899, leaving Ann Reed, his widow, and Charles J. Reed, his son and only heir-at-law, him surviving. His will was duly probated in the probate court of Cook county. His estate was settled, and on June 1, 1902, the executor was discharged. At the time of his death he was the owner and seized in fee simple of four pieces of real estate situated in the city of Chicago, which may be designated as the Adams street property, the Thirty-seventh street property, No. 288 Park avenue and No. 290 Park avenue. By the will he devised the real estate of which he died seized to his wife, Ann Reed, in trust, to have the entire income therefrom during her life, with the power to sell and dispose of any part thereof if necessary for her support, but if she married again she was to have no power to sell and could only use the income. By the fifth clause of his will the testator provided "that on the death of my wife I give and bequeath all my estate, real, personal and of every name and nature left by me at the

time of my death or purchased with the proceeds thereof heretofore provided and unexpended by my said wife for her support and maintenance, to my son, Charles J. Reed, and in case of his death, then to his legal representatives." Charles J. Reed died January 11, 1901, intestate, leaving no children but leaving him surviving his widow, Mildred Reed, and his mother, Ann Reed Mangel, (she having remarried,) as his only heirs-at-law. Mildred Reed was appointed administratrix of his estate and paid all claims that were filed and was on March 23, 1903, discharged. She never inventoried any real estate as assets. After the death of Charles J. Reed, Ann Reed Mangel filed a bill in the superior court of Cook county to quiet title and for partition, making Mildred Reed and the unknown owners of the premises in controversy defendants, and on July 12, 1904, a decree was entered in that suit, in which it was ordered, among other things, that she be vested with an estate for life in the whole of the premises left by James A. S. Reed, and vested in an estate of homestead in certain of the premises, and vested in fee in an undivided one-half of such premises as tenant in common with Mildred Reed, who was seized in fee and vested in remainder of an undivided one-half of the premises as tenant in common with Ann Reed Mangel, subject to the life estate and homestead of Ann Reed Mangel, and commissioners were appointed to make partition. The decree also found that no person or persons other than those made parties had any right, title or interest in the premises. On April 27, 1907, Ann Reed Mangel died intestate, leaving no husband or children or descendants of children her surviving, and leaving as her heirs-at-law the children and the descendants of children of certain deceased brothers and sisters. Under these circumstances, on May 4, 1907, Mary E. Hurlbut, a niece of Ann Reed Mangel, filed her bill in chancery in the superior court of Cook county against Alexander Talbot and others, as heirs-at-law of said deceased, for partition of said real estate, ex-

cept the premises at 290 Park avenue and the Thirty-seventh street property, but including other property which the deceased had purchased after her husband's death. Some time in 1907 (the exact date does not appear in the record) the appellant, Joseph W. Mattes, was appointed administrator *de bonis non* of the estate of Charles J. Reed, and on April 17, 1908, as such administrator, he filed an inventory in the probate court of Cook county by which he inventoried said real estate as an asset of his estate, subject to his debts incurred during his lifetime, and subsequently filed a petition in the probate court seeking to sell said real estate to pay debts of said Reed allowed subsequent to the appointment of Mattes as administrator *de bonis non*. Certain of the defendants appeared and answered the bill for partition filed by Mary E. Hurlbut, admitting the interests of the parties were correctly set forth therein. A default was entered as to those not answering. The cause was referred to a master in chancery to take the proofs and report the same, with his conclusions of law and facts. Thereafter, on June 8, 1910, Frank Talbot and others of the defendants to the original bill filed their cross-bill, alleging the death of certain parties in interest and that their interests are not correctly set forth in the original bill. The cross-bill set up interests claimed in the premises by Mildred Reed and Annie Johnson by reason of certain proceedings in the courts of Cook county had subsequent to filing the original bill for partition and made them defendants and asked relief against them, but as those parties have appealed separately from the decree as to their interests it will only be necessary to consider at this time the rights of the defendant Mattes.

The cross-bill as amended and re-filed January 13, 1911, set up the filing of the inventory of said real estate and the petition to sell the same to pay debts by Joseph W. Mattes as administrator *de bonis non* of the estate of Charles J. Reed, and that the only ground for making such inventory was the fifth clause in the will of James A. S. Reed, which

has been heretofore set out; that Charles J. Reed died January 11, 1901, intestate, leaving him surviving Ann Reed, his mother, and Mildred Reed, his widow, his only heirs-at-law; that said real estate never became a part of his estate, and the claims of Mattes as such administrator, and of all other persons, to the same have been adjudicated in a certain cause in the circuit court of Cook county entitled Ann Reed *vs.* Mildred Reed and unknown owners of said real estate, in which a decree was entered by default on July 12, 1904, against all the defendants, and finding that no other persons than Ann Reed and Mildred Reed had any right or title to said premises, a copy of the decree being annexed to and made a part of the cross-bill; that Charles F. Pike, as administrator of the estate of A. W. Pike, deceased, late of Grand Rapids, Michigan, claims some interest in said premises and seeks to have the same sold as a part of the estate of Charles J. Reed; that prior to the bringing of this suit an adjudication was had in the matter of the estate of said Charles J. Reed, and that no claims were filed by Pike, or anyone for him, within two years thereafter.

Joseph W. Mattes, as administrator, answered the cross-bill, alleging that he did not know of the proceedings relative to the estate of James A. S. Reed and Ann Reed and the proceedings had in the cause of Mangel *vs.* Reed, (the suit by Ann Reed Mangel to quiet title,) and averred he was administrator *de bonis non* of the estate of Charles J. Reed, and as such filed an inventory, which was approved by the probate court; that a claim was allowed by that court in favor of A. W. Pike, which is now an existing claim against said estate; that a just and true account was filed by him and approved by the court and a petition filed to sell real estate of Charles J. Reed to pay debts, and all parties to this cause were made parties to that proceeding; that they appeared and demurred to the petition, which demurrer has been pending for over two years before that

court and remains undisposed of; that all questions of law and fact involved in the cause against him are embraced in those proceedings, which constitute another suit pending for the same matters and things and involving the same questions of law and fact involved in this bill; that the probate court has primary and exclusive jurisdiction over the administration of estates, and this court has no jurisdiction to interfere with the administration of said estate. The answer also alleges that the cross-bill is multifarious as to him, and that its sole purpose is to obtain a construction of a portion of the will of James A. S. Reed.

The cause was referred to a master in chancery to take the proofs on the issues on the original bill and pleadings thereto. The master heard evidence on the heirship of the parties and made his report finding the facts as set forth in the original bill and recommending a decree for partition as prayed therein. A hearing was then had in open court on the cross-bill and a decree was entered on the issues raised by the pleadings to the original bill and cross-bill. The decree approved and confirmed the master's report, which finds the fee simple to the real estate in question to be in the heirs-at-law of Ann Reed as tenants in common, and sets forth their respective interests in said premises. The same finding was made as to the ownership of the real estate in that part of the decree entered on the cross-bill, which further finds that the claim of Joseph W. Mattes, administrator *de bonis non* of the estate of Charles J. Reed, to the real estate of which said Ann Reed died seized is without foundation in law and constitutes a cloud on the title of said real estate and should be removed as such, and decrees relief in accordance with the finding of facts made in the decree, and more particularly that the title to said real estate be vested in the heirs of Ann Reed in the proportions as therein found, free and clear of any right, title or interest of Joseph W. Mattes, administrator *de bonis non* of the estate of Charles J. Reed, and that a partition of the

premises be made. Mattes, as administrator *de bonis non,* has brought this appeal to reverse the decree.

No certificate of evidence was taken of the proofs upon which this decree was based or exceptions taken to the findings of the special master which are approved and confirmed by the decree.

Numerous errors have been assigned on the record, the substance of which is, that the decree is contrary to law and is not sustained by the record; that the superior court had no jurisdiction to enter any decree against appellant; that the cross-bill is multifarious and insufficient to give a court of equity jurisdiction of the cause or to sustain the decree against the appellant; that the decree is ambiguous, vague and unintelligible and differs from the relief prayed in the cross-bill.

The object of the original bill was to partition the real estate in question among the heirs-at-law of Ann Reed. After the bill was filed appellant instituted a proceeding in the probate court, the sole purpose of which was to subject an interest in the premises sought to be partitioned to a sale. The institution of this proceeding in the probate court by appellant made it necessary to file the cross-bill so that the claim of the appellant, as administrator of the estate of Charles J. Reed, might be adjudicated. Section 39 of the Partition act (Hurd's Stat. 1913, p. 1822,) provides: "In all suits for the partition of real estate * * * the court may investigate and determine all questions of conflicting or controverted titles and remove clouds upon the title to any of the premises sought to be partitioned," etc. Section 14 of the act provides that any person claiming to be interested in premises sought to be partitioned may appear and assert his rights by way of interpleader. Presumptively, suits of this character are brought and prosecuted for the common benefit of all the heirs and others interested in the premises, and their right to full relief in the premises is not, and cannot be, affected by the fact that they are made

273 – 20

defendants instead of complainants in such a bill. To hold otherwise would be to deprive a proceeding in partition of all semblance of one instituted for the common benefit of all and destroy that equality of right which it is the duty of courts of equity to conserve and protect. Under the statutes all persons interested in real estate sought to be partitioned have a right, in such a proceeding as this, to have all questions of conflicting or controverted titles investigated and determined and all clouds removed from the title of such real estate. They would have had such right had they been complainants in the original bill. They cannot be deprived of that right by being made defendants to such bill but may resort to a cross-bill to assert their rights in the premises. When this course is rendered necessary and recourse is had to a cross-bill for the purpose of bringing in additional parties and granting affirmative relief as to them of this character, respecting the same subject matter involved in the original bill, we think the cross-bill is germane to such original bill and properly filed in such case. As a general rule, a cross-bill is proper whenever complete justice cannot be done to all parties in interest on the original bill and answer with respect to the subject matter involved in the original bill. (16 Cyc. 325, 326.)

It is further insisted that the bill is multifarious, that the findings of fact are not sufficient to sustain the decree, and that a court of equity had no jurisdiction to adjudicate upon the claims pending in the probate court as clouds on the title to the real estate in question for the reason that those were matters for the probate court, and as that court first acquired jurisdiction of those matters it retained exclusive jurisdiction. The question of multifariousness was not raised in the lower court by demurrer but seems to have been relied upon by appellant in his answer. In such case the answer waives such objection to the bill and vests the court with discretion to consider and allow it on the hearing, or not, as the court may choose. When the

court has exercised its discretion in the matter and refused to allow such objection it will not be considered by this court. (*Barnes* v. *American Brake-Beam Co.* 238 Ill. 582.) Neither do we think the bill is multifarious because it joins the several claims of different claimants which it alleges are clouds upon the title of the real estate and seeks to have them removed as such. The statute contemplates this should be done in such a proceeding as this. As to the other contentions, the decree in question found that the claim of appellant, as administrator *de bonis non* of the estate of Charles J. Reed, to any interest in the real estate of which Ann Reed died seized is without any foundation in law or equity and constitutes a cloud upon the title to such real estate and should be removed as such, and that Ann Reed in her lifetime and at the time of her death was the owner in fee simple of the real estate in question, that she died seized and possessed of said real estate, and that the same ·thereupon vested in her heirs-at-law as tenants in common, and it finds the interest of each heir in said real estate and decrees partition and relief in accordance with these findings of fact in the decree.

Ordinarily it would be true, as contended by counsel for appellant, that when an administrator has filed a petition to sell real estate of his intestate to pay debts and the probate court has taken jurisdiction of such real estate in a proper proceeding, a court of chancery should not, in a partition suit between heirs for the partition of the same real estate, (except under special circumstances clearly showing the necessity for such interference,) attempt to pass upon the right of the administrator to sell such real estate in the proceeding instituted by him in the probate court. Irrespective of any of these questions, however, has appellant, as administrator, any rights in the premises? Charles J. Reed died in January, 1901. The inventory of said real estate was not filed by the appellant until April 17, 1908, more than seven years after the death of Reed, and the petition to sell real

estate to pay debts was filed after April 17, 1908, and before the filing of the answer of the administrator in 1912. While there is no statute of limitations barring proceedings by administrators for the sale of land to pay debts, yet the right to sell the real estate of a deceased person for such purposes will be barred after the lapse of seven years unless the delay can be satisfactorily explained, and in this respect each case must rest upon its own peculiar facts. (*Wolf* v. *Ogden,* 66 Ill. 224; *White* v. *Horn,* 224 id. 238, and cases cited.) There was administration on the estate of Charles J. Reed soon after his death. All claims then presented were paid and the administrator was discharged. There is no excuse or explanation of the delay of the creditor who procured the appointment of appellant as administrator *de bonis non* for the purpose of collecting his debt. He has shown gross *laches,* and it would be inequitable at this late day to permit the petition to sell real estate to pay debts to go on. If appellant, in his capacity of administrator, had no rights in the property in question and could not acquire any rights therein by his petition to sell real estate to pay debts, it makes no difference on what theory the court below found against his claim if the conclusion reached by the court was right. The heirs-at-law of Ann Reed Mangel were entitled to a division and partition of the property, or to a sale and division of the proceeds according to their respective interests in case a division and partition could not be made. We think in this particular case the court below rightly found that the claim of appellant was without foundation in law and equity and was a cloud upon the title and should be removed.

The portion of the decree affecting the rights of appellant will be affirmed.        *Decree affirmed.*